UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles W. McCALL, Defendant–
Appellant.

No. 10–10111.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2011.

Filed July 5, 2011.

As Amended on Denial of Rehearing and
Rehearing En Banc Oct. 20, 2011.

David Lloyd Anderson, Brian Joseph Stretch, Esquire, Barbara Valliere, Adam A. Reeves, Esquire, Assistant U.S. Attorneys, Office of the U.S. Attorney, San Francisco, CA, Amber Sax Rosen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Farrah Robyn Berse, Michael E. Gertzman, Esquire, Anne S. Raish, Theodore V.

Wells, Esquire, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, Lawrence Robbins, Robbins, Russell, Englert, Orseck and Untereiner, Washington, DC, Michael J. Shepard, Hogan & Hartson LLP, San Francisco, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, N.R. SMITH, Circuit Judge, and BLOCK, Senior District Judge.*

## MEMORANDUM **

 1. Given that McCall's attorney elicited testimony from Dooley that he didn't "know one way or the other" whether McCall's statements reflected what he knew at the time or what he knew in hindsight, McCall wasn't prejudiced by the admission of Dooley's statements. *See United States v. Shapiro,* 879 F.2d 468, 472 (9th Cir.1989).

2. Excluding Bergonzi's testimony about Hawkins's statements as hearsay, even if error, was harmless because Bergonzi's prior testimony was substantive evidence that he told McCall that Hawkins was working with the auditors. *See Pope v. Savings Bank of Puget Sound,* 850 F.2d 1345, 1356 (9th Cir.1988).

3. McCall's defense theory was adequately covered by the combination of the reckless disregard instruction and the good faith instruction. And "it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover the defense theory." *United States v. Romm,* 455 F.3d 990, 1002 (9th Cir.2006) (quoting *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990)).

4. Even if there were an error in the jury instructions, it is "clear beyond a reasonable doubt that a rational jury would have found [McCall] guilty" without the reckless disregard instruction. *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197 (9th Cir.2000) (en banc) (quoting *Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). The jury found that McCall knowingly and willfully circumvented internal controls, which required actual knowledge, and was not affected by the reckless disregard instruction. To convict on this count, the jury must have found that McCall knew that the side-letter agreements were being used to improperly recognize revenue. Because these same side-letter agreements also formed the basis of the alleged scheme to defraud, the jury would have likely convicted McCall of the securities fraud counts based on actual knowledge, rendering any error in the reckless disregard instruction harmless.

**AFFIRMED.**

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.